**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD LEE,**

        **Plaintiff,**

 vs.                 **5:15-cv-661
                        (MAD/DJS)**

**CAROLYN W. COLVIN,** *Acting Commissioner
of Social Security*,

        **Defendant.**
_____

**APPEARANCES:**              **OF COUNSEL:**

**STANLEY LAW OFFICES, LLP**       **JAYA A. SHURTLIFF, ESQ.**
215 Burnet Avenue
Syracuse, New York 13203
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**  **DAVID L. BROWN, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

  Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 29, 2012, with a disability onset date of October 2, 2009, due to a herniated disk, degenerative disk disease, and arthritis. *See* Dkt. No. 8 at 185-91, 207 & 219. Plaintiff's application was denied on initial review and, on January 8, 2014, a hearing was held before an administrative law judge ("ALJ"). *See id.* at 53-99. On March 24, 2014, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. *See id.* at 19-33. On May 7, 2015, the Appeals Council determined that there was no basis under the Social Security Regulations to grant Plaintiff's

request for review, thereby making the ALJ's decision the final decision of the Commissioner. *See id.* at 1-6.

Plaintiff commenced this action on May 29, 2015, pursuant to 42 U.S.C. § 405(g), seeking review of the decision by the Commissioner denying his application for DIB. *See* Dkt. No. 1. In a June 1, 2016 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court reverse the Commissioner's decision denying benefits and remand this case for further proceedings. *See* Dkt. No. 20. Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections,

2

however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Stewart's Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Stewart correctly determined that the Court should reverse the Commissioner's decision and remand for further proceedings. Magistrate Judge Stewart correctly found that the ALJ improperly discounted the assessment of Plaintiff's treating physician, Dr. Hawkins, regarding his capabilities. Significantly, Dr. Hawkins' assessment was well supported by the record, including progress notes, objective medical tests, and clinical findings. Further, Dr. Hawkins' assessment was rendered in January 2014, after years of treating Plaintiff for his back condition which, as demonstrated by the MRIs, had deteriorated over time, especially after Plaintiff fell down a set of stairs in October of 2013. *See* Dkt. No. 8 at 415.

Further, Magistrate Judge Stewart also correctly determined that the ALJ improperly discounted Plaintiff's credibility regarding the intensity, persistence, and limiting effects of his alleged symptoms. *See* Dkt. No. 20 at 13-15. As the Report-Recommendation and Order notes, Plaintiff's subjective complaints were supported by objective medical evidence. Further, although Plaintiff testified that, in the past, he led a "pretty active life style," he further indicated that he was no longer able to engage in past activities safely, such as hunting and fishing. This testimony is fully supported by the objective medical evidence which demonstrated that Plaintiff's condition had continued to deteriorate over time. *See id.* at 15-17.

Based on the foregoing, the Court finds that the ALJ failed to properly apply the treating physician rule and incorrectly assessed Plaintiff's credibility based upon assumed and likely incorrect facts. As such, the ALJ did not apply the correct legal principles in determining

Plaintiff's residual functional capacity and the ALJ's assessment was not supported by substantial evidence.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's June ,1 2016 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Magistrate Judge Stewart's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 27, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge